| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | CENTRAL DISTRICT OF CALIFORNIA | |
| 10 | WESTERN DIVISION | |
| 11 | | |
| 12 | LARNELL CROSBY, ) | No. CV 08-4938-GW (PLA) |
| 13 | Petitioner, ) ) | |
| 14 | v. ) ) | **ORDER RE: SUMMARY DISMISSAL OF SUCCESSIVE PETITION** |
| 15 | MATT CATE, ) ) | |
| 16 | Respondent. ) ) | |
| 17 | | |

On July 28, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition challenges petitioner's 1994 conviction and sentence in the Los Angeles County Superior Court in Case No. KA022748. (See Petition at 2, 5-6; see also attachment to Petition).

On November 9, 2000, petitioner filed a prior habeas petition in this Court, Case No. CV 00-12006-NM (Mc), in which he challenged his conviction and sentence in the same Superior Court case, Case No. KA022748. The 2000 petition was dismissed pursuant to the Judgment entered on November 7, 2001, as the petition was time-barred under 28 U.S.C. § 2244(d). A request for a certificate of appealability was denied by this Court on January 3, 2002, and by the Ninth Circuit Court of Appeals on June 18, 2002.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). While it does not appear that the Ninth Circuit has yet held that a habeas petition dismissed on statute of limitations grounds is a dismissal "on the merits," Supreme Court authority supports a determination that such a dismissal should be treated as an adjudication on the merits. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."). Additionally, the Ninth Circuit has held that, for *res judicata* purposes, a dismissal on statute of limitations grounds can be considered a denial on the merits. In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999). This Court further observes that numerous district courts in the Ninth Circuit have found that if a first petition was dismissed as untimely, a subsequent petition is deemed "successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). See, e.g., Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003); Cate v. Ayers, 2001 WL 1729214, at *4 (E.D. Cal. Dec. 28, 2001) (stating that "the law is clear that a dismissal on statute of limitations grounds . . . operates as a final judgment on the merits," and finding that petition was successive because previous petition was dismissed as untimely). In light of the above, the Court concludes that because the dismissal of petitioner's 2000 petition was based on statute of limitations grounds, the dismissal is considered, for AEDPA purposes, as an adjudication of the merits. Thus, the instant Petition is considered to be a successive application.

/

/

The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2000 federal habeas challenge, petitioner raised the following claims: (1) petitioner was denied the effective assistance of trial counsel; (2) petitioner was denied the effective assistance of appellate counsel; (3) the trial judge violated petitioner's Fourteenth Amendment due process rights when he failed to comply with sentencing guidelines; (4) the trial judge violated petitioner's Fifth and Fourteenth Amendment rights "by using extraneous factors in sentencing, violating privileged communication privacy, and by failing to give notice and opportunity to respond to factors he relied upon in sentencing"; (5) "[the] trial judge violated petitioner's constitutional right when he deprived jury of its fact-finding duty by removing material issue from jury instruction"; (6) "[the] trial court failed to instruct on defense theory"; and (7) "[the] trial judge abused his discretion when he declined to exercise it in imposing the most severe sentence available, in light of all circumstances, thereby violating this petitioner's Eighth Amendment constitutional right." (See 2000 Petition at 6-7, unnumbered page following 7). The action was dismissed as untimely under 28 U.S.C. § 2244(d). (See Report and Recommendation in Case No. CV 00-12006-NM (Mc), entered October 1, 2001, at 4-11; see also Order: (1) Vacating Judgement; and (2) Adopting Report and Recommendation of United States Magistrate Judge; and Judgement, both entered on November 7, 2001). Petitioner's subsequent request for a certificate of appealability was denied.

1  In the instant Petition, petitioner sets forth two new claims that were not presented in the
2 earlier federal habeas action: (1) "[p]etitioner is actually innocent of having suffered the necessary
3 prerequisite predicate priors for enhancement purposes"; and (2) "[u]se of petitioner's 1976 prior
4 conviction for enhancement purpose violates constitutional prohibition against ex post facto law."
5 (See Petition at 5).  Even if petitioner's claims in the instant Petition satisfied 28 U.S.C. §
6 2244(b)(2)(A) or § 2244(b)(2)(B), however (and it does not appear that petitioner has satisfied any
7 of those provisions), petitioner nevertheless is required to seek authorization from the Ninth Circuit
8 before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive
9 application permitted by this section is filed in the district court, the applicant shall move in the
10 appropriate court of appeals for an order authorizing the district court to consider the application.").
11 There is no indication in the instant Petition, or in the overall record, that petitioner obtained such
12 authorization from the Ninth Circuit.  See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796,
13 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of
14 Appeals before filing a second habeas petition).  In fact, to the contrary, petitioner's application
15 for authorization to file a second or successive habeas petition in the district court was denied by
16 the Ninth Circuit on October 19, 2006.  (See Ninth Circuit Court of Appeals' Order issued on
17 October 19, 2006).  As such, the Court is without jurisdiction to entertain the instant Petition under
18 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district
19 court may not, in the absence of proper authorization from the court of appeals, consider a second
20 or successive habeas application.'").
21 /
22 /
23 /
24 /
25 /
26 /
27 /
28 /

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition.  IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice**.

DATED: January 29, 2009

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE